NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMPIRE FIRE & MARINE INSURANCE CO., | : : : |
| Plaintiff, | : Civ. No. 05-4097 (GEB) : |
| v. | : **MEMORANDUM OPINION** : : |
| JOHN BENNETT, JR., *et al.*, | : : |
| Defendants. | : : |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendant Richard Amato ("Amato") requesting that the Court decline jurisdiction of plaintiff Empire Fire & Marine Insurance Co.'s ("Empire") Complaint seeking a declaratory judgment. The Court has decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Amato's motion requesting the Court to decline jurisdiction is granted.

**I. BACKGROUND**

On or about March 16, 2004, defendant John Bennett, Jr. ("Bennett"), entered into a rental agreement with Elrac, Inc. ("Elrac"), for the rental of a motor vehicle. At the time of rental, Bennett purchased supplemental liability protection for the term of the rental agreement, issued by Empire. The agreement specifically excluded supplemental liability protection where the terms of the agreement were violated. The rental agreement and the supplemental liability

protection policy issued by Empire contained an exclusion of coverage for any accident occurring when the renter or authorized driver was under the influence of alcohol, drugs, or other substances not prescribed by a physician.

On March 18, 2004, Bennett was driving the rental vehicle and Amato was riding as a passenger. The vehicle was involved in a one vehicle accident in Hazlet Township, and Amato sustained significant injuries. Bennett was charged with violating New Jersey's prohibition of driving under the influence of alcohol or drugs and pled guilty to driving while intoxicated. Amato asserted a personal injury claim against Empire as a result of the accident and made a settlement demand of $335,000. On November 15, 2004, Empire formally disclaimed coverage to Bennett based on the policy's exclusions.

On August 19, 2005, Empire filed its Complaint seeking a declaratory judgment stating that Empire has no duty to provide supplemental liability insurance coverage to Bennett on any claims resulting from the March 18, 2004, motor vehicle accident. On March 10, 2006, Amato filed the instant motion requesting that the Court decline jurisdiction.

## II. DISCUSSION

### A. Standard for Abstention in Diversity Cases

The Supreme Court has long held that federal courts should not abstain in diversity cases simply because state law is unclear. See Meredith v. City of Winter Haven, 320 U.S. 228, 234-35 (1943). However, abstention is proper in some instances. See Louisiana Power and Light Co. v. City of Thibodaux, 360 U.S. 25 (1959). In Thibodaux, the district court abstained by staying the action to allow the state courts to determine whether the city had the legal authority under

state law to use eminent domain to take property owned by the power company, a Florida corporation. Id. at 25-26. The Supreme Court cited Meredith, supra, in reiterating its holding that "the mere difficulty of state law does not justify a federal court's relinquishment of jurisdiction in favor of state court action." Thibodaux, 360 U.S. at 27. In this particular instance, however, the Court deemed abstention was appropriate due to the "special and peculiar nature" of eminent domain proceedings. Id. at 28-29. Thus, the Court affirmed the decision of the district court in abstaining to allow a declaratory judgment from the state courts, but if one was not obtained within a reasonable time, then the district court was to assert control to decide the meaning of the state statute. Id. at 29.

On the same day as Thibodaux, in reversing a district court's abstention in an eminent domain action, the Court stated that abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Allegheny Cty. v. Frank Mashuda Co., 360 U.S. 185, 188 (1959). Furthermore, the Court made clear that abstention was not required in all eminent domain cases, noting "a host of other governmental activities carried on by the States . . . which have been brought into question in the Federal District Courts despite suggestions that those courts should have stayed their hand pending prior state court determination of state law." Id. at 192.

The Supreme Court later noted the different procedures followed by the district courts in stating that the distinction between its holdings in Thibodaux and Mashuda was that Thibodaux stayed adjudication of the federal action whereas Mashuda dismissed the federal action, with the Court deeming the stay a "wise and productive discharge of" judicial duty. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721 (1996).

3

B.  Standard for Asserting Jurisdiction over Declaratory Judgment Actions

"The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, provides a remedy that may be used by the federal courts in appropriate circumstances."  State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001).  The Act contemplates that district courts will exercise discretion in entertaining such actions in providing that a court "*may* declare the rights . . . of any interested party . . . ."  Id. (citing 28 U.S.C. § 2201(a)).  In Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942), the Supreme Court recognized the discretionary jurisdiction created by the Act.  More recently, the Court reaffirmed Brillhart's standard of discretion, stating that the statute "confers a discretion on the courts rather than an absolute right upon the litigant."  Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995)(citations omitted).

The Third Circuit adopted the reasoning of the Fourth Circuit in stating that "Congress has afforded the federal courts a freedom not present in ordinary diversity suits to consider the state interest in having the state courts determine questions of state law [in declaratory judgment actions]."  Summy, 234 F.3d at 135 (quoting Mitcheson v. Harris, 955 F.2d 235, 238 (4th Cir. 1992)).  Thus, the Third Circuit concluded that "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions."  Id.  Instead, "[s]uch matters should proceed in normal fashion through the state court system."  Id. (citations omitted).

C.  The Court Exercises its Discretion and Declines Jurisdiction over Empire's Declaratory Judgment Action due to Unclear State Law[1]

Empire seeks a declaratory judgment stating that it has no duty to provide supplemental

---

[1] There is no dispute that the Court otherwise has diversity jurisdiction over the matter pursuant to 42 U.S.C. § 1332.

liability insurance coverage to Bennett on any claims resulting from the motor vehicle accident. In Summy, supra, the Third Circuit reiterated several relevant considerations for district courts to consider when deciding whether to hear declaratory judgment actions involving insurance coverage issues.  First, there is "[a] general policy of restraint when the same issues are pending in a state court."  Summy, 234 F.3d at 134.  Second, there is "[a]n inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion."  Id.  Third, there is the general policy of the "[a]voidance of duplicative litigation."  Id. (citation and footnote omitted).

      Amato relies upon another district court's conclusion that the Supreme Court implicitly recognized in Wilton, supra, that "there are other factors, besides the existence of parallel state proceedings, that call for declining to exercise jurisdiction."  Allstate Ins. Co. v. Seelye, 198 F. Supp. 2d 629, 632 (W.D. Pa. 2002)(citing Wilton, 515 U.S. at 288 n.2).  Although the instant action would more easily fit within the framework enunciated in Sunny had Amato already filed his declaratory judgment action in the New Jersey courts, the Court notes Amato's stated intent to file such an action following the decision of this Court.  (See Amato's Br. at 6.)  Furthermore, the Court agrees that the opinions in Summy, Brillhart, and Wilton did not make the existence of parallel state proceedings a condition precedent for declining jurisdiction.[2]  Therefore, the paramount consideration remains that federal courts should be hesitant to "exercis[e] jurisdiction over declaratory judgment actions when the state law involved is close or unsettled."  Summy, 234 F.3d at 135 (citation and footnote omitted).

---

      [2] In fact, Brillhart stopped short of "attempt[ing] a comprehensive enumeration of what in other cases may be revealed as relevant factors governing the exercise of a district court's discretion."  316 U.S. at 495

Empire asserts that the applicable state law is not "close or unsettled."  However, Empire cites no New Jersey cases specifically addressing the stated issue of a supplemental liability protection contract exclusion for driving while intoxicated.  (See Empire's Br. at 3.)  Instead, Empire asserts that the contract at issue here "is similar" to a policy that has been addressed by the New Jersey Supreme Court.  (See id.)  Thus, the Court is in precisely the situation contemplated by the Third Circuit when instructing that "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it.  This is especially important in insurance coverage cases . . . ."  Summy, 234 F.3d at 135.  The Third Circuit further emphasized the point in stating that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum."  Id. at 136.

Consequently, the Court will exercise its discretion granted under the Declaratory Judgment Act and decline jurisdiction over Empire's declaratory judgment Complaint.  However, in keeping with the principles of Thibodaux, and with the understanding that Amato will immediately seek a declaratory judgment from the New Jersey trial court, the Court will not dismiss the Complaint, but simply stay the action and administratively close the matter, without prejudice to either party moving to reopen the case following a ruling by the state courts.

## III.  CONCLUSION

      For the foregoing reasons, Amato's motion requesting that the Court decline jurisdiction is granted, and the matter will be stayed and administratively closed.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: April 10, 2006


                                                      s/ Garrett E. Brown, Jr.
                                               GARRETT E. BROWN, JR., U.S.D.J.